UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Bruce Rawl,<br><br>                    Plaintiff,<br><br>vs.<br><br>Dick's Sporting Goods, Inc.; Primal Vantage Company, Inc.; Tahsin Industrial Corp. USA; Bayview Plantation LLC; and Bayview Farms, A Partnership,<br><br>                    Defendants. | Civil Action No. 2:20-3955-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff Michael Bruce Rawl's ("Plaintiff") motion to remand this action to the South Carolina Court of Common Please for the Fourteenth Judicial Circuit, Colleton County. (ECF No. 22.) Defendants Dick's Sporting Goods, Inc., Primal Vantage Company, Inc., and Tahsin Industrial Corp. USA (collectively the "Treestand Defendants") removed this action based on diversity jurisdiction, and premised on the assertion that non-diverse Defendants Bayview Plantation LLC and Bayview Farms, A Partnership (respectively "Bayview Plantation" and "Bayview Farms" were fraudulently joined. (ECF No. 1.) For the reasons set forth in this Order, the motion to remand is denied.

## BACKGROUND

This action arises out of an incident in which Plaintiff fell from a tree due to the failure of a hunting treestand that was designed, manufactured, and sold by the Treestand Defendants. The incident occurred on land owned, possessed, and controlled by Bayview Farms, in which Plaintiff is one of several partners. Plaintiff contributes approximately

1

$300 per year toward the partnership's property taxes and clears the hunting trails with his bush hog. (Rawl Aff. ¶¶ 4–5, ECF No. 22-1.) Plaintiff alleges that an uncoated portion of the support cables was a defective component of the treestand, and that this component failed causing him to fall and rendering him a paraplegic. In his amended complaint, Plaintiff asserts causes of action against the Treestand Defendants for strict liability, breach of warranty, and negligence, all predicated on design defect and failure to warn theories. Plaintiff also alleges a claim for premises liability against Bayview Farms[1] based on the partnership's failure to adopt, implement, and enforce policies and procedures for inspecting unreasonably dangerous conditions on the property.

Plaintiff commenced this action by filing a summons and complaint in the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, Colleton County, on October 14, 2020. Plaintiff filed an amended summons and complaint on October 21, 2020. Counsel for Bayview Plantation and Bayview Farms accepted service of process on October 21, 2020. The last of the Treestand Defendants was served on November 2, 2020, and the Treestand Defendants filed their notice of removal on November 12, 2020. Plaintiff's motion to remand is brought pursuant to 28 U.S.C. § 1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiff contends that subject matter jurisdiction is lacking due to the absence of complete diversity under 28 U.S.C. § 1332(a), because both Plaintiff and Bayview Farms are citizens of South Carolina. The Treestand Defendants contend that Bayview Farms was fraudulently joined.

---

[1] At this moment, this claim is advanced against both Bayview Plantation and Bayview Farms. However, Plaintiff has stated that he "intends to voluntarily dismiss the case against [Bayview Plantation]" because he "recently learned that this defendant did not own or control the premises in question." (ECF No. 22 at 1 n.2.)

2

## LEGAL STANDARD

**Removal and Diversity Jurisdiction**

"'To be removable to federal court under 28 U.S.C. § 1441 a state action must be within the original jurisdiction of the district court, *and its jurisdiction must be ascertainable from the face of the complaint.*'" *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985) (emphasis in original) (quoting *Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Ass'n, Local 159*, 714 F.2d 342, 345 (4th Cir. 1983)). As courts of limited jurisdiction, federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated,' and 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008) (quoting *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005)); *see also Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Courts must strictly construe the removal statute and "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). A defendant may remove an action from state court to federal court if a federal question is presented under 28 U.S.C. § 1331 or if there is diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Federal diversity jurisdiction is present when the amount in controversy exceeds

3

$75,000 and there is "complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil*, 545 U.S. at 553. The removal statute "bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (alterations in original) (quoting 28 U.S.C. § 1441(b)). The existence of diversity jurisdiction "is typically determined from the face of the plaintiff's well-pled complaint," and if non-diverse defendants are properly joined, then remand is required. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7339811, at *1 (D.S.C. Oct. 24, 2016) (citation and quotation marks omitted).

**Fraudulent Joinder**

"[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "'The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.'" *Id.* (quoting *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir.1999)). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424 (citation omitted). "The removing party must

show either 'outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Johnson*, 781 F.3d at 704 (emphasis in original) (quoting *Hartley,* 187 F.3d at 424). "[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)).

The U.S. Supreme Court has interpreted the removal statutes "to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'" *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). This rule is consistent with the obligation of the federal courts "'to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'" *Id.* (quoting *Md. Stadium Auth.*, 407 F.3d at 260). However, courts recognize an exception to this rule, under which "a nominal party need not consent to removal." *Id.* (citing Charles Alan Wright et al., 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed. 2009)). "This 'nominal party exception' ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Id.* (citation omitted). Even so, a district court considering such an exception to the rules of removal should do so remembering that it "is not inherently bad faith to use strategy to defeat federal jurisdiction." *Brazell v. Gen. Motors, LLC*, No. 6:14-CV-4588-TMC, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (citations omitted). "It is well settled federal law in the removal area that the plaintiff is the master of his complaint." *Id.* (citing *Pinney v.*

5

*Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005)).

## **DISCUSSION**

The Treestand Defendants assert that Plaintiff has fraudulently joined Bayview Farms in an attempt to avoid federal jurisdiction over this case, which advances classic product liability claims against the Treestand Defendants. Specifically, the Treestand Defendants assert: (1) Bayview Farms cannot be liable for premises liability because Plaintiff's own personal property allegedly caused his injuries; (2) by setting forth a cause of action against Bayview Farms, Plaintiff is impermissibly suing himself; (3) Bayview Farms did not owe a duty to Plaintiff to protect him from his own acts of negligence; (4) Bayview Farms owed no duty of care under the South Carolina Recreational use statue, S.C. Code §§ 27-3-10 to -70; and (5) the Treestand Defendants' affirmative defense in the alternative, claiming fault against Bayview Farms, does not alter the fact that Bayview Farms was improperly joined in the first instance. (*See* ECF No. 30.) In making these assertions, the Treestand Defendants bear a "heavy burden" and "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Johnson*, 781 F.3d at 704. Nevertheless, the Court finds the Treestand Defendants' burden—which is even more favorable to Plaintiff than the standard for a Rule 12(b)(6) motion to dismiss, *Hartley*, 187 F.3d at 424—is satisfied, and Plaintiff's motion to remand will be denied.

The Treestand Defendants do not assert that Bayview Farms was joined as a matter of outright fraud in the pleading of jurisdictional facts, so they must instead show that there is no possibility or "glimmer of hope" that Plaintiff's claim against Bayview Farms could succeed. *Id.* at 426 (stating that a plaintiff seeking to defeat removal need only show

6

"a slight possibility of a right to relief," and "[o]nce the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends"). Against this backdrop, the Court will deny Plaintiff's motion to remand because there is *no possibility* that he can establish a negligence claim sounding in premises liability against Bayview Farms in state court.

First, the Court agrees with the Treestand Defendants that premises liability cannot lie against Bayview Farms based on personal property that Plaintiff brought to the property and set up himself. "An owner of land possesses a general duty to warn others of latent hazardous conditions on his land. This duty arises from the owner's superior knowledge of conditions on the premises within his control." *Byerly v. Connor*, 415 S.E.2d 796, 798 (1992) (citation omitted). "'[An invitee is a person] who enters onto the property of another by express or implied invitation, his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and there is a mutuality of benefit or a benefit to the owner.'" *Singleton v. Sherer*, 659 S.E.2d 196, 199 (S.C. Ct. App. 2008) (quoting *Sims v. Giles*, 541 S.E.2d 857, 862 (S.C. Ct. App. 2001)) (alterations in original). "The owner of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (Ct. App. 2000) (citation and quotation marks omitted). "The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." *Id.*; *see also* 18 S.C. JUR. Negligence § 43 (stating a property owner or possessor has a duty "to warn or protect his customers of hidden dangers of which the possessor knows or has reason to know"). "To recover damages for injuries caused by a dangerous or defective condition on a

7

defendant's premises, a plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Pringle v. SLR, Inc. of Summerton*, 675 S.E.2d 783, 787 (S.C. Ct. App. 2009) (citation and quotation marks omitted). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries." *Larimore*, 531 S.E.2d at 540 (citation omitted). "If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *Id.*

It is uncontested that the treestand in question belonged to Plaintiff, that he brought it to the subject property, and that he installed it on the tree where it ultimately failed. As such, even assuming Plaintiff could be deemed an invitee to a property of which he is part owner, Plaintiff has not and cannot demonstrate that any alleged condition of Bayview Farms was the cause of his damages. Indeed, the amended complaint does not include any such allegation.[2] (*See* ECF No. 1-1.)

In truth, this is simply not a premises liability case. The alleged product defect relates to Plaintiff's own personal property that he brought onto Bayview Farms. Plaintiff does not contest that the treestand was nine years old, was purchased by Plaintiff, and was used extensively during those nine years of ownership. Photographs produced by Plaintiff show significant corrosion and deterioration to the platform, steel cables, and seat material of the subject treestand. (*See* ECF Nos. 30-1 & 30-2.) Plaintiff's defective component theory is that the separation of the steel cables on the treestand resulted in

---

[2] Instead, the premises liability cause of action states: "[T]he Subject Treestand which was located on Bayview Defendants' property was in an unsafe and dangerous condition by the fact that it contained design defects and inadequate warnings of its dangers that made it unsafe for use." (Am. Compl. ¶ 44, ECF No. 1-1.)

8

his fall to the ground, causing his injuries. Any specialized knowledge related to the subject treestand was possessed by Plaintiff, not Bayview Farms. Because there can be no liability against Bayview Farms based on the allegations set forth by Plaintiff for premises liability, Plaintiff's motion to remand is denied.

Second, the Court agrees with the Treestand Defendants that by pleading a cause of action against Bayview Farms, Plaintiff is impermissibly suing himself. In the motion to remand, Plaintiff devotes significant legal analysis to whether he was an invitee versus a licensee at Bayview Farms. (*See* ECF No. 22 at 5–7.) But the fact remains that Plaintiff, as a partner in Bayview Farms, is a partial owner of Bayview Farms. (Rawl Aff. ¶¶ 3–4, ECF No. 22-1.) Plaintiff contends that he is an invitee; however, "an invitee is a person who enters onto the property of another at the express or implied invitation of the property owner." *Goode v. St. Stephens United Methodist Church*, 494 S.E.2d 827, 831 (S.C. Ct. App. 1997). The owner of a premises owes a legal duty of care. As a partnership owner of Bayview Farms' property, Plaintiff is neither an invitee nor a licensee as it relates to his premises liability claim. There is simply no factual fit between Plaintiff's premises liability theory of recovery and his part ownership of the property in question.

Plaintiff alleges that Bayview Farms "owed a duty to Plaintiff to discover latent dangers and take safety precautions to eliminate or warn of such risks on the property within the Plaintiff's area of invitation." (Am. Compl. ¶ 42.) Plaintiff further claims that Bayview Farms breached its duty by failing "to devise, implement, and maintain policies prohibiting the use of the defective Subject Treestand on its property," thereby causing his injuries. (Am. Compl. ¶¶ 45–46.) As a partner in Bayview Farms, Plaintiff's claims against Bayview Farms are essentially claims against himself, and the liability analysis

becomes circular. "It is self-axiomatic that a person cannot sue himself or herself." *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1287 (Cal. Ct. App. 1991) (affirming dismissal of libel cause of action because plaintiff published the defamatory statements itself). Here, Plaintiff is the individual that was aware of the purchase, history, use, maintenance, and condition of the subject treestand, not Bayview Farms. Premises liability, where one is part owner of the subject premises, does not encompass this scenario. Because there is no glimmer of hope that Plaintiff's premises liability claim would succeed against Bayview Farms in state court, the motion to remand is denied.

Further analysis of the Treestand Defendants' arguments for fraudulent joinder would be extraneous. However, the Court would briefly address Plaintiff's assertion that the Treestand Defendants' affirmative defense in the alternative, claiming fault against Bayview Farms, reveals that Bayview Farms was properly joined. The Treestand Defendants filed a motion to amend their answer, removing reference to Bayview Farms, within the time permitted by the Court's Scheduling Order. (ECF No. 23.) Leave to amend will be granted by way of a separate order. Thus, Plaintiff's effort to avoid a finding of fraudulent joinder by implicating the Treestand Defendants' affirmative defense is moot.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion to remand (ECF No. 22) is DENIED and the Court disregards the citizenship of Bayview Farms for purposes of diversity jurisdiction requirements.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

June 10, 2021
Charleston, South Carolina